IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JAN 2 3 2020
Clerk, U S District Court
District Of Montana
Billings

UNITED STATES OF AMERICA,

Plaintiff,

vs.

VICTOR ELVIN LOPEZ,

Defendant.

CR 18-120-BLG-SPW

ORDER

Before the Court are Magistrate Judge Timothy Cavan's findings and recommendation on Defendant Victor Elvin Lopez's two motions to suppress.

## I. Procedural history

Lopez filed a motion to suppress evidence obtained from a search of his vehicle on January 12, 2018 in Carbon County, Montana, and a motion to suppress evidence obtained from a search of his vehicle on June 9, 2018, in Powell, Wyoming. (Docs. 18 and 33). The Court referred both motions to Judge Cavan for purposes of conducting a hearing and issuing findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a). Judge Cavan recommended the Court deny both motions. (Doc. 53).

## II. Standard of review

Lopez timely objected to Judge Cavan's findings and recommendation.

(Doc. 54). Lopez is entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which he properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).

### III. Lopez's objection

Lopez does not object to Judge Cavan's recommendation to deny his first motion to suppress. The failure to object waives the right to review. Fed. R. Crim. P. 59(b)(2). But consistent with the Court's "full authority" to review the Findings and Recommendations under any standard it deems appropriate, *Thomas v. Arn,* 474 U.S. 140, 154 (1958), the Court reviews for clear error. Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir. 2000). The Court has reviewed Judge Cavan's findings and recommendation regarding Lopez's first motion to suppress and agrees with Judge Cavan in full.

Lopez does object to Judge Cavan's recommendation to deny his second motion to suppress. Judge Cavan concluded Officer Miner validly searched Lopez's vehicle incident to arrest because Officer Miner had reason to believe evidence relevant to the crime of arrest—driving under the influence of a controlled substance—might be found in Lopez's vehicle. (Doc. 53 at 16-24). Lopez argues Officer Miner did not have reasonable suspicion that evidence of

driving under the influence of a controlled substance would be found in Lopez's vehicle.

Before Officer Miner searched Lopez's vehicle, he had the following articulable observations: an empty beer can in the vehicle's center console, Lopez stated he had two drinks, Lopez failed the field sobriety tests, Lopez's breath sample registered .000% BAC, Lopez had an active warrant for his arrest for possession of methamphetamine, Officer Miner had previously personally arrested Lopez on a methamphetamine charge, Lopez had $1,300 cash in his wallet which he claimed he earned from mowing lawns, and methamphetamine was previously found in a safe in Lopez's vehicle. The Court agrees with Judge Cavan in full and holds the totality of the circumstances provided Officer Miner a reasonable belief evidence of driving under the influence of narcotics would be found in the vehicle.

In addition to Judge Cavan's analysis, the Court highlights two key inferences. First, Lopez stated he had been drinking but his breath sample registered .000% BAC. Nonetheless, Lopez failed the field sobriety tests, providing Officer Miner probable cause to believe Lopez was under the influence of a controlled substance. It's reasonable to infer Lopez lied about drinking to conceal that he was actually under the influence of a controlled substance, and more of the controlled substance and/or its paraphernalia might be in the vehicle.

Second, Lopez had $1,300 cash on him which, combined with his recent history of drug possession and distribution, made it reasonable to infer Lopez had not earned the money mowing lawns, but rather Lopez had either just sold illegal drugs or was on his way to purchase some. Either inference provides suspicion that Lopez may have controlled substances or paraphernalia in the vehicle, some of which he might have used before driving.

## IV. Conclusion and order

It is hereby ordered:

1. Judge Cavan's findings and recommendation (Doc. 53) is adopted in full;

2. Lopez's objection (Doc. 54) is overruled;

3. Lopez's motions to suppress (Docs. 18 and 33) are denied.

DATED this 23rd day of January, 2020.

SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE