**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: 406-657-6101
Fax: 406-657-6058
Email:  Bryan.Dake@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **VICTOR ELVIN LOPEZ,**  Defendant. | CR 18-120-BLG-SPW  **OFFER OF PROOF** |

### THE CHARGE

The defendant, Victor Elvin Lopez, is charged in the Indictment with two felony offenses: conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count I); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count II).  The

Indictment also contains a forfeiture allegation, pursuant to 21 U.S.C. §§ 853 and 881.

## PLEA AGREEMENT

The defendant, Victor Elvin Lopez, will enter a voluntary plea of guilty to the charges contained in the Indictment without benefit of a written plea agreement. The motion for change of plea filed with the Court represents, in the government's view, the most favorable disposition of the case against the defendant. *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS

In order for the defendant to be found guilty of the two charges contained in the indictment, the government must prove each of the following elements beyond a reasonable doubt. As to Count I, conspiracy to possess with intent to distribute methamphetamine:

First, that beginning in or before January 2018 and continuing through at least July 2018, there was an agreement between two or more persons to distribute methamphetamine;

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the defendant agreed to possess or it was otherwise reasonably foreseeable to the defendant that the conspiracy would involve 50 grams or more of actual methamphetamine.

As to Count II, possession with intent to distribute methamphetamine,

First, the defendant knowingly possessed methamphetamine;

Second, the defendant possessed it with the intent to distribute it to another person; and

Third, the defendant possessed with the intent to distribute 50 grams or more of actual methamphetamine.

## PENALTY

Count I, conspiracy to possess with intent to distribute methamphetamine, and Count II, possession with intent to distribute methamphetamine, both carry a mandatory minimum ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On January 12, 2018, Victor Elvin Lopez was driving on US HWY 310 and was stopped by a Carbon County deputy for speeding and DUI. There was an open package of beer in the backseat and Lopez stated he had been drinking. Law

enforcement observed a large wad of cash on his front passenger seat. Law enforcement was aware that Lopez was suspected of trafficking controlled substances through Montana, Wyoming, and Colorado.

A K9 officer was deployed and alerted on the car. Pursuant to a subsequent state search warrant, law enforcement located about two ounces of methamphetamine in a gray sentry safe in the trunk of the vehicle. The methamphetamine was later tested and contained 81 grams of actual methamphetamine. Officers located other plastic baggies with methamphetamine residue and a black crystal substance, which subsequently tested positive for 1.6 grams of heroin.

On June 9, 2018, Lopez was stopped in Powell, Wyoming. He was originally stopped because of the active warrant out of Carbon County, but law enforcement also suspected him of driving under the influence based on an open can of beer and subsequent SFSTSs. Lopez was arrested and his car was searched. The drug dog, on scene with the original officer, alerted on a safe that was removed from the hatchback area of the car. Inside law enforcement found approximately eight ounces of methamphetamine in a similar safe as the Carbon County stop. The methamphetamine was tested and contained 238 grams of actual methamphetamine in one baggie, plus another 27 grams of methamphetamine in

two separate baggies, for a total of 292 grams of actual methamphetamine. Officers also found digital scales, currency and a cellphone.

The United States would have presented this evidence through the testimony of law enforcement, lay witnesses and expert witnesses.

DATED this 21st day of April, 2020.

                                      KURT G. ALME
                                      United States Attorney

                                      */s/ Bryan T. Dake*
                                      BRYAN T. DAKE
                                      Assistant U.S. Attorney