**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: 406-657-6101
Fax: 406-657-6058
Email: Bryan.Dake@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. VICTOR ELVIN LOPEZ, Defendant. | CR 18-120-BLG-SPW <br><br> SENTENCING MEMORANDUM |
|---|---|

## INTRODUCTION

Victor Elvin Lopez is a methamphetamine dealer. His involvement in the distribution of methamphetamine spans over twenty years — and even though he has previous convictions for methamphetamine offenses, he has continued to

1

engage in the sale of this harmful drug. A sentence of incarceration, followed by a period of supervised release, is appropriate.

## ARGUMENT

On April 8, 2021, Lopez pled guilty to the sole count of the superseding information charging possession with intent to distribute methamphetamine. PSR ¶ 3,4. The Presentence Investigation Report ("PSR") notes a total offense level of 29. *Id.* at 24. The PSR also established a criminal history score of 19 and a criminal history category of VI. PSR ¶ 42. As such, the PSR has a calculated guideline range of imprisonment of 151 to 188 month for the offense. *Id.* at 78.

The government request a sentence of 158 months imprisonment, four years of supervised release, and a $100 special assessment.

## PSR OBJECTIONS

The defendant has a single outstanding objection, as noted in the *Addendum*, to the base offense level. *See Addendum to PSR*, noting objections to PSR ¶¶ 9, 10, 15, and 24. Lopez asserts that the base offense level should be 30 and not 32 based on the quantity of methamphetamine. *Id.* He argues that Lopez should only be responsible for the 81 grams of actual methamphetamine found during the January 12, 2019, traffic stop in Carbon County, Montana and not the additional 294 grams of pure methamphetamine found on June 9, 2018 in Powell, Wyoming. *Id.* His basis for this argument is that his conviction relates only to the possession

with intent to distribute in Montana, not in Wyoming. The government's argument is that the methamphetamine from both stops in Montana and Wyoming, separated by only six months, represents a common plan or scheme and the weight from both stops is applicable. The government's argument is addressed in the Addendum to the PSR.

## SENTENCING WITNESSES

The government does not anticipate calling any witnesses at sentencing. The PSR objection raised by Lopez is a legal, not factual, argument. Lopez does not dispute the fact he was found with almost 300 hundred grams of methamphetamine during the Powell, Wyoming stop. He instead asserts that he is not legally responsible for this weight amount as relevant conduct. As such, the government will not call a witness on this objection.

## ARGUMENT

### I. Sentencing Analysis

The Court shall impose a sentence "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a) (2018). Determining a "sufficient, but not greater than necessary" sentence requires the Court to consider the following factors:

- seriousness of the offense;
- respect for the law;
- just punishment for the offense;

- adequate deterrence in relation to the criminal conduct;
- protecting the public from further crimes of the defendant; and,
- providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Additional considerations for the Court when imposing an appropriate sentence include: the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available. *Id.* § 3553(a)(1),(3). The Court should similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities." *Id.* § 3553(a)(4),(5),(6). Finally, the Court should consider "the need to provide restitution to any victims of the offense." *Id.* § 3553(a)(7).

## II.     Sentencing Recommendation

The government recommends a sentence of 158 months of incarceration, four years supervised release, and a $100 special assessment.

This case involves a habitual methamphetamine dealer who was involved in selling methamphetamine in and around Montana and Wyoming. Over time, his criminal conduct related to the sale of methamphetamine has increased. Indeed, this is now his fourth methamphetamine related conviction, and Lopez has again engaged in serious criminal conduct in this instance.

Lopez's history and characteristics should be considered in determining an appropriate sentence. He received his first felony methamphetamine conviction in 1999. PSR ¶ 30. There, he had 5.5 ounces of methamphetamine in his house and admitted to being front over 10 ounces of methamphetamine. *Id*. He was sentenced to prison and revoked numerous times off probation. *Id*. Eighteen years later, he was found in possession of methamphetamine again and was the subject an ongoing narcotics investigation in the area. *Id*. at 39. Lopez also has nine separate convictions for driving under the influence since 1990. PSR ¶¶ 26-40. This highlights a key aspect about Lopez — he simply has no respect for the law.

Certainly, what the above also highlights is that Lopez has serious substance abuse issues. He has addressed his addiction on a number of occasions, but it continues to plague him. PSR ¶¶ 63-68. However, Lopez also knows how to profit off of other individuals' addictions. He has sold methamphetamine for over twenty years and countless numbers of people have fed their own addictions because of Lopez. His actions are serious and have a direct impact on society. The distribution of methamphetamine continues to cripple communities. His possession of hundreds of grams of pure methamphetamine is alarming, considering how many people may be impacted. A sentence should reflect the seriousness of this offense and its impact on the community.

Lopez's conduct in this case, punctuated by some underlying mental health and substance issues, demonstrate a person who can be a danger to the community. Lopez is a danger when he is driving under the influence of substances, be it drugs or alcohol, and he is a danger as he engages in the sale of methamphetamine to the community.

A sentence imposed by the court should protect the public and promote a respect for the law. A sentence of imprisonment will remove Lopez, now age 63, from society, and importantly it will provide him an opportunity to receive the help he needs to hopefully address his behavior in the future. If the Court follows the government's recommended sentence, Lopez will be a man in his 70s when he is finally out of federal custody. At some point, Lopez needs to understand that this sort of criminal behavior will never be tolerated. He should be aware that by continuing down this path and not addressing his own substance abuse issues, he may find himself in front of this Court and/or under the Court's supervision for the rest of his life.

///

///

///

The government believes a sentence of 158 months' incarceration adequately addresses all sentencing considerations and is sufficient, but not greater than necessary.

DATED this 5th day of August, 2021.

LEIF JOHNSON
Acting United States Attorney


*/s/ Bryan T. Dake*
BRYAN T. DAKE
Assistant U.S. Attorney
